IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALDINE H.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:24-cv-00719-JR

OPINION & ORDER

RUSSO, Magistrate Judge:

    Plaintiff Geraldine H. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits under the Social Security Act ("the Act"). All parties have consented to allow a Magistrate Judge to enter final orders and judgement in this case in

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). ECF No. 1. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

Born in September 1962, plaintiff alleges disability beginning July 1, 2020. Tr. 191-92. In her application, plaintiff alleged disability due a variety of conditions, including breast cancer, rheumatoid arthritis, osteoporosis, anemia, degenerative disc disease, hernia, depression, and anxiety. Tr. 82. Her application was denied initially and upon reconsideration. Tr. 107-12, 118-24. On August 22, 2023, plaintiff appeared at an administrative hearing before Administrative Law Judge ("ALJ") Robert Spaulding. Tr. 35-77. On October 18, 2023, the ALJ issued an unfavorable decision denying plaintiff's DIB application. Tr. 14-33. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through December 31, 2026. Tr. 19. At step one of the five step sequential evaluation process, the ALJ found plaintiff engaged in substantial gainful activity between January through March of 2021, again from May through July of 2021, and in December 2021. Tr. 19. At step two, the ALJ determined the following impairments were medically determinable and severe: breast cancer with bilateral mastectomy and residuals, (including from treatment); degenerative disc disease; rheumatoid arthritis; and osteoporosis. Tr. 20.

Because plaintiff did not establish presumptive disability during the relevant period at step three, the ALJ continued to evaluate how her impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work as

defined in 20 CFR 404.1567(b) except "she can frequently climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl." Tr. 23.

At step four, the ALJ determined the claimant could perform past relevant work as a "Salesperson, General Merchandise, DOT# 279.357-054, SVP 3, light exertional work activity, (performed by the claimant at the medium exertional level)." Tr. 28. The ALJ therefore found plaintiff not disabled from July 1, 2020, through the date of the decision. Tr. 28.

## DISCUSSION

The parties agree the ALJ's opinion should be reversed to further consider Dr. Alanna Hannegraf's medical opinion and whether the plaintiff can perform her past relevant work, but disagree about the scope of the remand. Pl. Reply at 1-9, Def. Br. at 2-6. Plaintiff argues this case should be remanded for immediate payment of benefits because the record is free from ambiguity and Dr. Hannegraf's opinion (properly credited) "would require a finding of disability." Pl. Reply at 6. Defendant contends the record is still ambiguous, and requires further development to determine whether plaintiff is entitled to benefits. Dr. Br. at 4-6.

**I.    Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210. Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine

if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The Court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The parties agree the ALJ committed harmful error by failing to adequately consider Dr. Hannegraf's opinion, and relatedly, whether plaintiff could perform past relevant work. There remain ambiguities and conflicts in the record for the ALJ to consider requiring the Court to remand for further consideration. For example, the ALJ should evaluate whether Dr. Hannegraf's opinion was consistent with the record between plaintiff's alleged onset date in July 2020 and when she began chemotherapy in September 2021. Tr. 17, 27, 1057. The ALJ must further decide how Dr. Hannegraf's opinion (properly considered) overlaps with the state agency medical consultants' opinions, which found plaintiff more capable to work. *Compare* Tr. 1572 *with* Tr. 86-87. And ultimately, on this record, the conflicting medical opinions and conflicts between plaintiff's allegations and the medical evidence make it unclear whether plaintiff is

totally disabled. The Commissioner's decision is reversed, and this case is remanded for further proceedings so that the ALJ can properly consider Dr. Hannegraf's opinion, reformulate the RFC if necessary, and seek further VE testimony at step five, if necessary.

## CONCLUSION

For the reasons given above, the Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this 11th day of April, 2025

      /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge